IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO ISIDORY BOWMAN,

    Plaintiffs,

    v.

INTERNAL REVENUE SERVICE,[1]

    Defendant.

_____/

No. CIV S-09-0167 MCE GGH PS

FINDINGS AND RECOMMENDATIONS

    This matter is before the court on the government's motion to dismiss the amended complaint, filed October 15, 2009. After hearing oral argument, the court on April 30, 2010 ordered plaintiff to file, within 28 days, a declaration and a supplemental physician statement concerning his request for equitable tolling of the statute of limitations. Plaintiff has not filed that evidence. Therefore, the court now issues the following findings and recommendations, most of which is repeated from the April 30th order.

BACKGROUND

    This action was initiated by plaintiff on January 20, 2009 for refund of allegedly overpaid income taxes for 2001. The complaint alleges that plaintiff's late filed tax return, dated September 24, 2006, for tax year 2001, was denied improperly as he was suffering from a severe mental illness at the

---

[1] The proper defendant in this case is the United States of America.

time which prevented him from timely filing a tax refund request.  He claims that an appeals officer for the IRS, Jan Gilbert, informed him that he met the requirements for filing late tax returns due to his mental illness. (Compl. at 1.)  He claims he is owed a refund of over $4,000 for overpaid taxes for that year.  The government claims that plaintiff's claim is barred by the statute of limitations and he is not entitled to equitable tolling.

According to the government, plaintiff filed his 2001 federal income tax return on September 24, 2006, claiming a refund of overpaid taxes for the 2001 tax year.  (Gilbert Decl., ¶ 3.) This claim was denied as untimely.  Appeals Officer Gilbert determined that plaintiff had not satisfied the requirements for suspending time for filing a tax refund under 26 U.S.C. § 6511.  In moving to dismiss the complaint, the government argues that plaintiff's claim is time-barred pursuant to 26 U.S.C. § 6511(b)(2)(A), because he did not pay taxes for which he is seeking a refund within three years prior to the time he filed his administrative claims.  Further, the government claims that plaintiff's excuse of being financially disabled due to medical or mental impairments are not sufficient to toll the limitations period pursuant to 26 U.S.C. § 6511(h) as described in Internal Revenue Service Revenue Procedure 99-21.  Therefore, the United States moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff did not file an opposition to the motion to dismiss, but instead filed a document entitled, "motion to amend" the complaint, and also requested appointment of counsel.  After reviewing the motion to amend and plaintiff's exhibits, the undersigned on April 30, 2010 denied plaintiff's motion to amend and for appointment of counsel.  In that order, the undersigned also informed plaintiff of the deficiencies in his evidence and directed him to provide further specific evidence to support his request for equitable tolling.  Plaintiff has not responded to that order.  Therefore, the motion to dismiss will be analyzed on the record before the court.

DISCUSSION

I. LEGAL STANDARD FOR MOTION TO DISMISS

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears

the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted). The court may hear evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[2]

---

[2] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved. See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 8l3 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where

II. ANALYSIS

The validity of the underlying tax liability is reviewed *de novo*.[3] Ruth v. U.S., 823 F.2d 1091 (11th Cir. 1987); Laszloffy v. Commissioner of Internal Revenue, 297 Fed. Appx. 628, 2008 WL 4706626 (9th Cir. 2008). Strom v. United States, 583 F.Supp.2d 1264, 1270 n. 3 (W.D. Wash. 2008). "The Court must make a de novo determination of plaintiffs' right to a refund: the impressions and conclusions of the IRS during the administrative process are not relevant to the accurate assessment of taxes..." Strom, 583 F. Supp.2d at 1270 n. 3 (citations omitted).

The statute of limitations on a claim for credit or refund is three years from the time the return was filed, or two years from the date the tax was paid, whichever is later, or if no return was filed, the claim must be filed within two years from the time the tax was paid. 26 U.S.C. § 6511(a). [T]imely filing of a refund claim [is] a jurisdictional prerequisite to bringing suit." Zeier v. United States Internal Revenue Service, 80 F.3d 1360, 1363 (9th Cir. 1996) (quoting Commissioner v. Lundy, 516 U.S. 235, 240 (1996)); Omohundro v. United States, 300 F.3d 1065, 1067 (9th Cir. 2002). The statute of limitations for suits by taxpayers for refund must be strictly construed in favor of the government. Tosello v. United States, 210 F.3d 1125, 1127 (9th Cir. 2000).

The Supreme Court has specifically held that equitable tolling does not apply to the statute of limitations for filing tax refund claims under 26 U.S.C. § 6511. United States v. Brockamp, 519 U.S. 347, 354 (1997). In response to the Supreme Court's decision in Brockamp, Congress enacted 26 U.S.C. § 6511(h) which provides for statutory equitable tolling. The time provision of that section may be suspended while a taxpayer is unable to manage his financial affairs. Financial disability is defined as inability to manage one's financial affairs due to a medically determinable physical or mental impairment which is expected to last for twelve months or more. 26 U.S.C. § 6511(h)(2). The requirements to establish financial disability are set forth in Revenue Procedure 99-21 which requires a

---

jurisdictional issue and merits are intertwined).

[3] If the validity of the underlying tax is not properly at issue, the standard of review is abuse of discretion. Follum v. Commissioner of Internal Revenue, 2007 WL 1815449 (T.C. 2007).

4

statement by a physician qualified to make the determination, providing the following information:

>   (a) the name and a description of the taxpayer's physical or mental impairment;
>
>   (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
>
>   (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
>
>   (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
>
>   (e) the following certification, signed by the physician:
>
>   I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

Rev. Proc. 99-21(1), 1999-1 C.B. 960, 1999 WL 185188.  This statement must be submitted with the refund claim.  Id.  Revenue Procedure 99-21 also requires:

>   (2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section. Alternatively, if a person was authorized to act on behalf of the taxpayer in financial matters during any part of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

The United States has waived sovereign immunity and consented to be sued in cases seeking to recover taxes which have been collected.  28 U.S.C. § 1346(a)(1).  The government's argument is that because a suit is permitted in regard to tax refund claims only where the plaintiff has met the requirements of 26 U.S.C. 6511 (a) and (b), plaintiff's claim fails because he has not asserted he has met the timely filing requirement of § 6511(a), and subdivision (b) bars a refund claim unless plaintiff can show he was financially disabled under § 6511(h).

Here, plaintiff filed his 2001 tax return on September 24, 2006. A letter attached to the tax return, dated September 16, 2006, stated, "The main reason why I am just sending it [refund claim] in, is because since 11-06-01 until this present day I have been incarcerate here in State Prison."  (Def.'s

5

Ex. 1, dkt. #16 at 16.) IRS Appeals Officer Janet Gilbert informed plaintiff by letter of January 7, 2008, of the requirements under IRS Revenue Procedure 99-21 to extend the statute of limitations for a mental or physical impairment. Plaintiff responded with a letter, dated January 16, 2008, and medical records. (Def.'s Ex. 3.)[4] Plaintiff's letter states that he was including medical records as proof of his impairment, and also states that he had been incarcerated since 2001 and "wasn't able to receive [his] W-2 form from [his] former employer not until 2006." (Id., Gilbert Decl. ¶ 9.) These records did not include a written statement from a physician addressing the requirements of IRS Revenue Procedure 99-21. (Gilbert Decl. ¶ 10.) Plaintiff's subsequent correspondence and submissions did not include any such written statement from a physician. (Id. at ¶ 11.) On January 30, 2008, Ms. Gilbert sent plaintiff another letter outlining the requirements for suspending time and informing plaintiff that he had not satisfied the requirements. (Id. at ¶ 12.) As of the date of Ms. Gilbert's declaration, September 14, 2009, she states that she has not received any documents containing a physician's letter which meets the requirements of Revenue Procedure 99-21. Nor had the IRS received a written statement from plaintiff or any person authorized to act on his behalf, which is also required by Revenue Procedure 99-21.

Although most of plaintiff's records do not concern the time period at issue, (see e.g. dkt. #12), the records submitted by plaintiff at the hearing contain a physician statement which meets most of the requirements of Revenue Procedure 99-21.[5] (Dkt. # 20.)[6] This statement, dated October 28, 2009, does partially address the statutory time period, but does not meet all of the requirements of Revenue Procedure 99-21. It states in part:

> I hereby certify that Mr. Bowman, who is 48, has been suffering from years of chronic daily headaches with clear migraine characteristics. They have been intense and daily for over six years with the last two years being more intense even. .... In these conditions it is understandable that his

---

[4] The medical records are not attached to defendant's briefing.

[5] In regard to one of plaintiff's arguments, that his incarceration during the statutory period prevented him for timely filing, the tolling provisions of § 6511(h) do not extend to this situation. Webb v. United States, 66 F.3d 691, 701 (4th Cir. 1995); Nunn v. United States, 2009 WL 260803, *4 (W.D. Ky.).

[6] The court has redacted plaintiff's Social Security number and date of birth from this document.

>concentration and productivity is greatly affected and therefore feasible that for medical reasons he has at times in the last years been unable to fulfil[l] his duties of doing the tax return in a timely fashion. ....

This statement is signed by Marc Lenaerts M.D., and dated October 28, 2009. It meets the first three requirements of the Revenue Procedure in providing a description of plaintiff's impairment, that this impairment, in the doctor's opinion, prevented plaintiff from managing his financial affairs, and that this impairment was continuous for more than twelve months. It does not provide the specific time period during which plaintiff is alleged to have had intense daily headaches pursuant to Rev. Proc. 99-21(1)(d); however, it does state that these headaches date back six years, to October, 2003, which encompasses a portion of the statutory period. In order for the physician statement to provide equitable tolling, it must cover the entire statutory period at issue. As a result, plaintiff was directed to submit a supplemental physician statement providing the dates during which plaintiff endured headaches of such severity that he was unable to manage his affairs as a taxpayer. Plaintiff did not respond to that order.

The physician statement also fails to include the complete certification required by the Revenue Procedure. Although the physician states that he certifies the statement, he does not state "to the best of [his] knowledge and belief, the above representations are true, correct, and complete." Rev. Proc. 99-21 (1)(e). Such defects are not fatal, however, unlike the case where there is no physician statement whatsoever. Walter v. United States, 2010 WL 724445, *4 (W.D. Pa. 2010). Where a physician substantially complies with Revenue Procedure 99-21, technical deficiencies may be cured by a supplemental statement. Id. This case is distinguishable from the case where a physician is either not the treating physician and bases the statement on old charts, who opines only that it is *possible* that symptoms could have been severe enough to prevent the taxpayer from managing his financial affairs, or where the specific time period of the impairment is not mentioned. See Henry v. United States, No. 05-CV-1409-D, 2006 WL 3780878 at *4 (N.D. Tex. Dec. 26, 2006). This last point is problematic in that plaintiff was apparently incarcerated during most of the time period in which the physician certified the severity of plaintiff's headaches. Plaintiff was directed to include in the physician's supplemental statement, a statement by the physician setting forth the dates he treated plaintiff, and stating the basis

for his knowledge of plaintiff's illness during the years in which plaintiff was in custody. No supplemental physician statement was filed in response to the court order, and therefore these technical deficiencies were not cured.

In the court's previous order, plaintiff was also directed to submit his own declaration clarifying the aforementioned conflict between this physician's alleged treatment period and plaintiff's incarceration during most of this period. Plaintiff was ordered to specify the date he became incarcerated, and the date he was released, during the period from 2001 to the present. If he was incarcerated for more than one time period, he was to set forth all dates of incarceration and release in chronological order. Plaintiff's declaration was also to include the dates he received Supplemental Security Income from 2001 to the present, and those dates during which representative payees were appointed for SSI payments during this time period.

As plaintiff did not respond to the court's order with the necessary evidence, the undersigned has no choice but to recommend that the government's motion to dismiss be granted.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss, filed October 15, 2009, (dkt. # 16), be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file

\\\\\

\\\\\

\\\\\

\\\\\

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 07/29/10

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/Bowman0167.mtd.wpd